IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LANNY WADE BUEHL,<br><br>Petitioner,<br><br>vs.<br><br>TIM FOX; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-152-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Mr. Buehl's habeas petition filed pursuant to 28 U.S.C. § 2254. (Doc. 1.).[1] Buehl is a state prisoner proceeding pro se.

Buehl generally alleges that his right to Due Process was violated during his state revocation proceedings. *Id*. at 4, ¶ 13 (A)(i). Buehl asserts he was unlawfully transported from Polson, Montana, where he was supervised, to Kalispell, Montana, where his preliminary on-site hearing was held. *Id*. Due to this transfer,

---

[1] Mr. Buehl previously applied for federal habeas relief, but his petition was dismissed without prejudice as unexhausted. *See, Buehl v. Fox, et. al.,* Cause No. CV-18-70-H-BMM-JTJ, Judg. (D. Mont. Aug. 15, 2018).

1

Buehl's supervising parole officer did not attend the preliminary hearing and Buehl was unable to confront him regarding one of the purported violations. *Id*. Buehl asks this Court to order his immediate release to parole. *Id*. at 7, ¶ 16.

### I. Motion to Proceed in Forma Pauperis

Buehl has applied to proceed in forma pauperis. After reviewing the motion and supporting account statement, it appears Buehl has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (Doc. 2) will be granted.

### II. Procedural History

The Montana Supreme Court summarized Buehl's state court history as follows:

> [O]n May 9, 2011, Buehl entered a plea of nolo contendere to felony assault with a weapon in the Ninth Judicial District Court, Glacier County. The District Court imposed a ten-year prison term with all of the time suspended. A few months later, the State filed a petition to revoke because of violations of several probationary terms. Buehl denied all violations, and the court held an evidentiary hearing on September 8, 2011. The court found that Buehl had violated two of his conditions. The court subsequently revoked his suspended sentence and sentenced him to a ten-year prison term. The court noted that Buehl was entitled to 301 days of credit for time served.
>
> Citing to *Morrissey v. Brewer*, Buehl now argues that his due process rights have been violated for his initial hearing after arrest as a parolee. 408 U.S. 471, 92 S. Ct. 2593 (1972). He asserts that he was arrested and detained on February 1, 2018, and that his preliminary hearing occurred on February 7, 2018 in the Flathead County Jail, which was not where "the alleged violations occurred" in Polson, Montana. He maintains constitutional rights' violations for these reasons: (1) his Probation and Parole Officer was not present at the hearing for him to confront and cross-examine, and (2) he was

not given an on-site hearing in Polson within five days of his arrest and detention, pursuant to § 46-23-1024(2), MCA.

Parole revocation involves certain due process requirements. The United States Supreme Court has held that following arrest, a parolee has a right to an administrative on-site hearing at "the state institution" to determine if reasonable grounds for revocation exist. *Morrissey*, 408 U.S. at 485, 92 S. Ct. at 2602. If the state institution is too far, the court noted that "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Morrissey*, 408 U.S. at 485, 92 S. Ct. at 2602. The high court specifically stated that parole revocation "is a narrow inquiry; the process should be flexible enough…" *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604. The Supreme Court emphasized that a parole revocation does not equate to a criminal prosecution. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604.

In Montana, the parole revocation process has been codified in both statues and administrative rules. Sections 46-23-1021, 46-23-1023, and 46-23-1025, MCA; Admin. R. Mont. 20.25.801 (2016). Pertinent here is § 46-23-1024(2), MCA, which sets forth the process for the on-site hearing to establish probable cause.

> The initial hearing is an onsite hearing but may be conducted via interactive videoconference and must be held to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. An independent officer, who need not be a judicial officer, shall preside over the hearing. The hearing must be conducted at or reasonably near the place of the alleged parole violation or arrest and within 5 days after arrest. The parolee must be given notice of the hearing and must be allowed to appear and speak in the parolee's own behalf and introduce relevant information to the hearings officer. Section 46-23-1024(2), MCA.

Upon review, Buehl is not entitled to habeas corpus relief or his release because his due process rights have not been violated. Montana's statutes only provide that a parolee may have witnesses, not that the parolee may confront his Probation and Parole Officer since the basis for the arrest is in a

written report.  Sections 46-23-1023(2) and 46-23-1024(3), MCA; *see also Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604.  Section 46-23-1024(2), MCA reads that "[t]he hearing must be conducted at or reasonably near the place of the alleged parole violation…" (emphasis added); *see also Morrissey*, 408 U.S. at 485, 92 S. Ct. at 2602.  Kalispell is reasonably near Polson.

*Buehl v. Salmonsen*, OP 18-0358, Or. at 1-3 (Mont. July 17, 2018).[2]

The Montana Supreme Court denied Buehl's state habeas petition, finding he failed to present a prima facie case that he was illegally incarcerated.  *Id*. at 3.

### III.  Analysis

For the reasons set forth below, Buehl's petition should be denied.  He has not established that if a constitutional violation occurred, it had a "substantial and injurious" effect on his revocation.

### a.  Relief under Montana law

To the extent that Buehl attempts to advance a claim based upon the Montana Supreme Court's interpretation and application of state statutes and administrative rules, such claims are not cognizable in this Court.  The violation of state law is not grounds for federal habeas relief.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Roberts v. Hartley*, 640 F. 3d 1042, 1046 (9th Cir. 2011); 28 U.S.C. § 2243(a).

//

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed January 7, 2019).

### b. Procedural Due Process

Although a probationer facing revocation of his conditional liberty is entitled to due process, he is not entitled to the same due process that would be required at a criminal trial. Under the United States Constitution, he is entitled to:

> (a) written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole.

*Gagnon v. Scarpelli*, 411 U.S. 788, 786 (1973)(*quoting Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

*Morrissey* specifically provides for a preliminary hearing before an independent hearing officer to determine whether probable cause exists to believe the parolee has violated the conditions of his parole. Once probable cause is found, a formal hearing is required to evaluate the alleged violations and decide whether the evidence warrants revocation. *Morrissey*, 408 U.S. at 486-88.

Buehl acknowledges his parole was revoked based upon alcohol and drug use and his failure to report to his supervising officer. (Doc. 1 at 3, ¶ 3.) But a review of the state court record provides additional information that is helpful to

the resolution of Buehl's claim.³

Apparently on February 1, 2018, Polson city police officers arrested Buehl for being under the influence of drugs and alcohol.  The following day, Buehl's supervising officer, Ray Czak, submitted an affidavit of probable cause outlining the alleged parole violations.  On February 7, hearing officer Scott Brotnov conducted an on-site hearing during which Buehl pled guilty to using methamphetamine, marijuana, and alcohol.  Buehl denied the allegations regarding his failure to report and to maintain employment.  Brotnov found probable cause that Buehl had failed to report, but found him not guilty of the employment allegation.  Further, Brotnov found probable cause existed to establish Buehl had violated his parole conditions and referred the matter to the Parole Board for a formal revocation hearing.  Buehl was then transported to the Montana State Prison for his revocation hearing.  On March 6, 2018, following the hearing, the Board revoked Buehl's parole.

"Under *Morrissey*, every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses."  *United States v. Comito*, 177 F. 3d 1166, 1170 (9ᵗʰ Cir. 1999).  But it is not clear that the failure to make Buehl's

---

³ *See generally, Buehl v. Salmonsen*, OP 18-0495, Resp. to Pet., at 3-4 (filed Oct. 29, 2018).  All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed January 8, 2019).

6

supervising officer available for questioning at the preliminary hearing violated Buehl's constitutional rights. *See e.g., Marble v. Poole*, 687 Fed. Appx 587, 588 (9th Cir. 2017)(finding it was not clearly established that failing to make adverse witnesses available for questioning at a preliminary hearing violated due process or constituted an "obvious" violation of minimum due process requirements for preliminary hearings under *Morrissey*). But even assuming such failure rises to the level of constitutional error, Buehl can still not meet his burden.

On collateral review of a state court judgment under 28 U.S.C. § 2254, an error is harmless unless it had "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993). The United States Supreme Court has clarified that "in § 2254 proceedings a federal court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht*…, whether or not the state appellate court recognized the error and reviewed it for harmlessness…" *Fry v. Piller*, 551 U.S. 112, 131-22 (2007); *see also United States v. Perez*, 526 F. 3d 543, 547 (9th Cir. 2008)("A due process violation at a revocation proceeding is subject to harmless error analysis.").

This Court cannot say that the admission of Czak's violation report during the preliminary hearing, specifically the allegation that Buehl failed to report as required, without Buehl being able to question Czak, had "a substantial or injurious

effect or influence" on Brotnov's subsequent finding that probable cause existed to believe the Buehl violated his parole conditions. It is undisputed that Buehl admitted to several violations during the preliminary hearing, including ingesting methamphetamine, drinking alcohol, and smoking marijuana. Thus, there was an adequate basis for Brotnov to make a finding of probable cause and refer the matter for a formal revocation hearing even without considering the reporting allegation. Buehl has not shown that his inability to question Czak during the preliminary hearing had a substantial and injurious effect on either Brotnov's finding of probable cause or his decision to refer the matter to the Parole Board. Buehl's petition should be denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Buehl has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Buehl's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Buehl's petition should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Buehl may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Buehl is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Buehl must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 9th day of January, 2019.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge